# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MR. J. BURNS, et al.,<br><br>　　　　　Defendants. | Case No.  1:19-cv-00715-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 23) |

Kareem J. Howell ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On March 10, 2020, the discovery and scheduling order issued setting pretrial dates in this action.  (ECF No. 21.)  On May 27, 2020, Defendants filed a motion to modify the discovery and scheduling order.  (ECF No. 23.)

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order may be modified upon a showing of good cause and with the Court's consent.  Fed R. Civ. P. 16(b)(4).  In considering whether a party moving to modify a scheduling order has demonstrated good cause, the diligence of the party seeking the modification is of the utmost importance.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The focus of the inquiry is on the reasons why the moving party seeks modification.  Id.  "[G]ood cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable

at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. Sharp v. Covenant Care LLC, 288 F.R.D. 465, 467 (S.D. Cal. 2012).  The district court has "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir. 2011) (quoting Johnson, 975 F.2d at 607).

Defendants seek modification of the deadline by which to file a motion for summary judgment for Plaintiff's failure to exhaust administrative remedies.  The deadline is currently set for June 10, 2020.  Defendants request an extension of the deadline because new counsel was recently assigned for Defendants and counsel needs additional time to review the case file, to obtain and review the necessary documents, and draft the motion for summary judgment. Counsel also needs to obtain a declaration from the Associate Director of the California Department of Corrections and Rehabilitation's Office of Inmate Appeals ("OOA").  A new associate director was recently appointed and the OOA has requested that three weeks be allowed for declarations to be reviewed and signed.

Counsel appeared in this action on May 5, 2020 and moved to modify the scheduling order on May 27, 2020.  Upon initial review of the file, counsel determined that a Plaintiff may have failed to exhaust administrative remedies for at least some of the defendants and needs to request additional records to file a motion for summary judgment.  Since the request was filed shortly after counsel came onto the case and had the opportunity to review the file, the Court finds that Defendants have demonstrated diligence.  Additionally, the appointment of the new associate director at the OOA, which requires additional time to obtain declarations required for the motion for summary judgment, is a circumstance that was not known at the time the scheduling order was issued.  Here, Defendants have requested a three week extension of time to file a motion for summary judgment and no other deadlines in the scheduling order will be impacted.  The Court finds that Defendants have shown good cause to modify the scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order, filed May 27, 2020, is GRANTED;
2. The deadline by which Defendants shall file a motion for summary judgment for failure to exhaust administrative remedies is July 1, 2020; and
3. All other aspects of the March 10, 2020 scheduling order remain in effect.

IT IS SO ORDERED.

Dated: **May 28, 2020**

UNITED STATES MAGISTRATE JUDGE