# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. J. BURNS, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00715-NONE-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO SEAL DOCUMENT<br><br>(ECF No. 34) |

Kareem J. Howell ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' notice to seal the un-redacted copy of the Notice of Death of Defendant Sexton and the accompanying proof of personal service, filed March 9, 2021. (ECF No. 34.) Defendants seek to seal the un-redacted copy of the Notice of Death of Defendant Sexton to ensure the safety and security of Defendant Sexton's surviving family and to shield them from possible acts of retaliation, harassment, and to protect their privacy. (Id.)

Local Rule 141(b) provides that requests to seal shall 1) set forth the statutory or other authority for sealing; 2) the requested duration; 3) the identity, by name or category, of persons to be permitted access to the documents; and 4) all other relevant information.

1

Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. Kamakana v. Cty. & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); see also Pinto v. Pac. Creditors Ass's., 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard presents a lower burden for the party wishing to seal documents. Pinto, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. (quoting Phillips ex re. Estate of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002). To establish good cause, a party must show "specific prejudice or harm will result" absent sealing, Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003), which may include the need "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Ctr. for Auto Safety v. Chrysler Group, LLC., 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting Fed. R. Civ. P. 26(c) ). The Court finds that the "good cause" standard applies to the pending motion to seal because the underlying motion, i.e., the notice of suggestion of death of Defendant Sexton, is a non-dispositive discovery type motion.

The Court finds good cause to seal the identify and address of Defendant Sexton's next of kin. Accordingly, it is HEREBY ORDERED that Defendants' request to seal the un-redacted copy of Defendants' Notice of Suggestion of Death of Defendant Sexton and the un-redacted copy of the accompanying proof of personal service is GRANTED. The documents will be destroyed or returned to Defendants' counsel at the close of this case.

IT IS SO ORDERED.

Dated: **March 10, 2021**

UNITED STATES MAGISTRATE JUDGE