**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>MR. J. BURNS, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00715-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT SEXTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25<br><br>(ECF No. 33) |

Kareem J. Howell ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

On March 9, 2021, Defendants filed a statement of fact of Defendant Sexton's death on the record, and served Defendant Sexton's successor in interest. (ECF No. 33).

Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party.

In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed. R. Civ. P. 25(a)(1); <u>Barlow v. Ground</u>, 39 F.3d 231, 233 (9th Cir.1994). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the

deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Barlow v. Ground, 39 F.3d at 232-234.

Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469-471 (2d. Cir.1998).

Defendant Sexton's successor in interest personally served with the statement of fact of Sexton's death on the record on March 9, 2021, and the ninety-day period expired on June 7, 2021.[1]  Because no motion for substitution was filed on or before June 7, 2021, Fed. R. Civ. P. 6(a)(1)(C), (d), the Court finds dismissal of Defendant Sexton is appropriate pursuant to Rule 25(a).

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed pursuant to Federal Rule of Civil Procedure 25(a).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[1] On March 10, 2021, the Court granted Defendants' request to seal the un-redacted copy the notice of suggestion of death and accompanying proof of service.  (ECF No. 35.)